F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORETTA CASTILLE,

Plaintiff-Appellant,

v.

COMPLIANCE SOLUTIONS,

Defendant-Appellee.

No. 01-1315
(D.C. No. 00-ES-1475)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL** , **KELLY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Plaintiff Loretta Castille, a forty-three-year-old African-American woman,

appeals from the district court's grant of summary judgment in favor of her

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

former employer. Ms. Castille's suit claimed that the employer, Compliance Solutions, refused to promote her and later terminated her because of her age and because of her race. It alleged these actions violated Title VII of the 1964 Civil Rights Act (42 U.S.C. § 2000e *et seq.*) and the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621 *et seq.*).

The parties consented to proceed before a magistrate judge. Compliance Solutions subsequently moved for summary judgment on both claims under Fed. R. Civ. P. 56. The magistrate judge granted the motion, ruling that: (1) Compliance Solutions lacked the requisite number of employees to constitute an "employer" for purposes of Title VII and the ADEA; and (2) Ms. Castille failed to present sufficient evidence of discriminatory intent to warrant a trial. Ms. Castille appeals.

Her claims of error are not entirely clear. She does not, for instance, address the threshold issue whether Compliance Solutions employed a statutorily sufficient number of employees. Instead, she argues that the magistrate judge was biased, since in "[her] belief" he did not "read [her] whole file"; had he done so, she adds, "it would have been his belief that something was wrong." Aplt. Br. at 3. She also disputes the magistrate judge's weighing of the evidence supporting her claims of discrimination.

We reject, at the outset, Ms. Castille's accusation of bias. Because she did not file a motion for recusal under 28 U.S.C. § 144, we conduct our inquiry under 28 U.S.C. § 455. [1] Her claim of bias rests, as she candidly admits, on nothing more than her subjective "belief" that the magistrate judge failed to read her pleadings or otherwise read "the file." Aplt. Br. at 3. She offers no evidence to support this charge, nor do we find any in our independent review of the record. To the contrary, the magistrate judge's thorough and well-written order reveals an impressive command of the facts and law germane to Ms. Castille's claim.

Next, we agree with the primary basis supporting the magistrate judge's decision: Compliance Solutions is exempt from the reach of Title VII and the ADEA. Barring a handful of exceptions not relevant here, Title VII applies to organizations that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." 42 U.S.C. § 2000e(b). The ADEA definition is identical except that it requires an employer to employ twenty or more employees. 29 U.S.C. § 630(b). An organization employing fewer than the fifteen people is not subject to the anti-discrimination

---

[1] A judge may be disqualified for bias under either 28 U.S.C. §§ 144 or 455. Under the former statute, a judge must disqualify himself whenever a party presents a "timely and sufficient affidavit" that the judge has a personal bias or prejudice. The latter statute places "the obligation to identify the existence of [bias or prejudice] upon the judge himself, rather than requiring recusal only in response to a party affidavit." *Liteky v. United States*, 510 U.S. 540, 548 (1994); *see* 28 U.S.C. § 455(b)(1).

provisions of Title VII or the ADEA. *See Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (addressing definition of "employer" under Title VII).

Attached to its motion for summary judgment, Compliance Solutions submitted an affidavit from its corporate president. It stated that at no time, including the period set forth in Title VII, has the company employed more than fourteen employees. Ms. Castille did not rebut this claim in any fashion, a failure, we conclude, that demanded the entry of summary judgment in favor of Compliance Solutions. *See* Fed. R. Civ. P 56(c) and (e).

Because Compliance Solutions is exempt from the requirements of Title VII and the ADEA, we need not review the evidence supporting Ms. Castille's discrimination claims.

The judgment of the United States District Court for the District of Colorado is AFFIRMED. Ms. Castille's motion for leave to proceed *in forma pauperis* is GRANTED.

Entered for the Court

David M. Ebel
Circuit Judge

-4-