**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LORETTA CASTILLE,

      Plaintiff - Appellant,

v.

COMPLIANCE SOLUTIONS
OCCUPATIONAL TRAINERS, INC.,

      Defendant - Appellee.

No. 02-1363
D.C. No. 01-RB-2523 (OES)
(D. Colorado)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **HENRY**, and **BRISCOE**, Circuit Judges.

Ms. Loretta Castille brings this *pro se* appeal challenging the district

court's dismissal of her discrimination action against her former employer,

Compliance Solutions Occupational Trainers, Inc. We affirm the district court

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and deny Ms. Castille's motion for leave to proceed *in forma pauperis*.

Ms. Castille brought an action against Compliance Solutions contending it violated Title VII's anti-retailiation provision, *see* 42 U.S.C. § 2000e-3(a), by taking action against her for filing a previous complaint of age and race discrimination.[1] Compliance Solutions filed a motion to dismiss, alleging it did not employ enough individuals during the time Ms. Castille worked for the company to subject it to a suit under Title VII. The district court, adopting and approving the recommendation of a magistrate judge, granted Compliance Solutions' motion and dismissed the case with prejudice. The court subsequently denied Ms. Castille's leave to file an appeal *in forma pauperis* on the ground her appeal was frivolous and lacked good faith.

Compliance Solutions cannot be subject to Ms. Castille's anti-retaliation suit unless it satisfies Title VII's statutory definition of employer. *See Walters v. Metropolitan Educ. Enter., Inc.*, 519 U.S. 202, 205 (1997). "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). Ms.

---

[1]Ms. Castille's earlier case against Compliance Solutions was dismissed by the district court and affirmed on appeal. *See Castille v. Compliance Solutions*, 29 Fed. Appx. 559 (10th Cir.), *cert. denied*, 122 S.Ct. 2370, *pet. for reh'g denied*, 123 S.Ct. 21 (2002).

Castille does not address in either her response to Compliance Solutions' motion to dismiss, or in her appeal, whether her claim against Compliance Solutions meets this threshold requirement. Nor does she make any effort to counter Compliance Solutions' evidence of the same.[2]

The magistrate judge's recommendation for dismissal noted Compliance Solutions provided an affidavit from its president stating the company did not have fifteen or more employees during the time Ms. Castille was employed there, or during the twenty weeks preceding her employment. The magistrate judge also cited a letter Ms. Castille attached to her complaint, in which she stated "when I started working for [Compliance Solutions they had] 14 employees and when I left there was 10 employees." *Castille v. Compliance Solutions Occupational Trainers, Inc.*, No. 01-RB-2523 at 6 (D. Colo. April 16, 2002) (unpublished recommendation for dismissal). Based on Ms. Castille's recitation of the number of employees at Compliance Solutions, coupled with her former employer's affidavit, we determine the district court correctly concluded Compliance Solutions did not fall within Title VII's definition of employer, and therefore it

---

[2]While we construe a *pro se* litigant's arguments liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1971), it is not appropriate for this court to "assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). We also note Ms. Castille appears to raise a number of new issues on appeal. We will not address these issues because they were not presented to the court below. *FDIC v. Noel*, 177 F.3d 911, 915 (10th Cir. 1999).

properly dismissed Ms. Castille's case.

We also affirm the district court's order denying Ms. Castille leave to proceed on appeal *in forma pauperis*. A plaintiff must show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal" in order to proceed *in forma pauperis*. *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Here, the district court issued an order certifying as such. Based on our previous discussion affirming the district court's conclusion that Compliance Solutions did not employ the requisite number of people to subject it to a Title VII suit, we determine the district court correctly found Ms. Castille's appeal lacked legal support and was not in good faith. Accordingly, we **DENY** Ms. Castille's request to proceed *in forma pauperis* and **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

-4-